IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WOODROW WILSON GEORGE, | ) | |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | 1:12-cv-00238-LSC-SGC |
| | ) | |
| JOHN T. RATHMAN, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OF OPINION

I.  Introduction

On the 23rd of January, 2012, Petitioner, Woodrow Wilson George ("George") initiated this action pursuant to 28 U.S.C. § 2241 asserting that his due process rights were violated during a discipline process involving what he alleges were his efforts to turn over a cellular telephone to the prison authorities.  George maintains that he was wrongfully punished with the loss of good conduct time, loss of commissary and other privileges, and was otherwise caused to "raise [his] points to high-security."

Respondent maintains that George was afforded due process, that there was sufficient evidence to support a finding of George's guilt of the charged infractions, and that George failed to exhaust his administrative remedies before seeking relief

through this action.

II.     Background

George, who apparently was already residing in the Special Housing Unit at FCI Talladega, was the recipient of an Incident Report charging him with possessing a cellular telephone in violation of the rules of the facility. Respondent contends, and the undisputed evidence reflects, that George was found to possess a cellular telephone and charging device hidden in the front inside portion of his pants. Following the discovery of the contraband, George made various admissions concerning his possession of the device.[1]

A disciplinary proceeding was conducted where George was given notice of the charges made against him, an opportunity to confront the evidence against him, and an opportunity to present his own evidence and version of the occurrence. Instead of presenting anything in the disciplinary proceeding, George affirmatively elected to remain silent and otherwise presented no evidence or witness.

The disciplinary proceeding resulted in George losing certain privileges as well as the loss of good conduct time and, according to George, an increase in his security rating. George, being dissatisfied with the result of the disciplinary proceeding, began

---

[1] Despite two Orders for George to file opposing evidence (Docs. 8 and 9) George has failed to file any material to contradict or otherwise respond to the submissions of Respondent.

the initial steps for obtaining an administrative review. The procedure for an inmate, such as George, to appeal his discipline is delineated in 28 C.F.R. § 542.10 *et seq*. George filed an initial appeal form but it was rejected, along with his appeal, for his failure to properly complete the form. Apparently the form permitted only one continuation page with that page having text on only one side and further required the text to be legible. In any case, the rejection included an explanation of the inadequacy and an invitation to re-file the appropriately-completed form within fifteen days. George, much like his failure to participate in this case after filing it, failed to re-file his appeal. As a result, his discipline became final.

III. Discussion

Initially, this court must determine if it even has jurisdiction to consider George's claim. The short answer is that it does not and thus this action is due to be dismissed.

A "prisoner[] seeking habeas relief, including relief pursuant to § 2241, [is] subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). It is without question that George understood that he was required to appeal the challenged discipline through the established administrative procedures. George filed an initial form, albeit one that was unacceptable. The

problem is that when he received notice of the deficiency of his filing and the dismissal of his appeal, he took no further action to preserve his rights. George could have redrafted his form as directed or even appealed the dismissal. Instead, George did neither. As such, George failed to exhaust his administrative remedies and will not be entitled to insist upon the consideration of his petition for relief from the imposed discipline by means of an action filed in this venue.

As a side note, even if George had exhausted his administrative remedies, judgment would nonetheless be due to be entered against him. George has offered no evidence or argument supporting his claims. Further, it is clear that he was afforded the required due process and there was sufficient evidence to support the finding that he committed the violations alleged.

IV.   Conclusion.

For the reasons stated herein, this action is due to be dismissed with prejudice. An Order consistent with this finding will be entered herewith.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable

and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

Done this 17th day of October 2014.

L. Scott Coogler
United States District Judge
[160704]